# Ogden's Estate.

*Will—Testamentary gift—Advancement—Settlement—Intestacy—Trust and trustees—Act of April 8, 1833, P. L. 315.*

A testamentary trustee was authorized in his sole and absolute discretion, to give a portion, or all, of one third of the principal of the estate to the surviving husband of the testatrix, or either of her two sons while the three lived. Upon the death of one, the authority was to give, in the exercise of such discretion, one half of the principal to either of the two surviving, and upon the death of one of them, there was authority to pay the survivor the whole of what remained. The trustee gave to one of the sons a portion of the principal. The father survived the two sons, and upon his death there was an intestacy as to a portion of the estate of testatrix. *Held,* that the only child of the son to whom a portion of the principal had been given by the trustee was entitled to a full share of the portion of the estate of her grandmother passing under the intestate laws, without any deduction for the sums paid to her father.

In such a case the sums paid to the father were neither advancements nor settlements within the meaning of the Act of April 8, 1833, P. L. 315, but were testamentary gifts from the testatrix.

Argued Jan. 25, 1905.    Appeal, No. 347, Jan. T., 1904, by
Marie Ogden Embree, from decree of O. C. Phila. Co., April T.,
1888, No. 239 dismissing exceptions to adjudication in estate
of Emma C. Ogden, deceased.    Before MITCHELL, C. J.,
FELL, BROWN, MESTREZAT and ELKIN, JJ.    Reversed.

Exceptions to adjudication.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in not awarding the appellant an entire
one third portion of the estate of which her grandmother,
Emma C. Ogden, died intestate.

*Thos. Raeburn White* and *George Henderson,* for appellant.—
The amount given to Henry Corbit Ogden was a gift and not
a "settlement" or an "advancement."

The word "settlement" as used in the act of 1833 means a
settlement made in the lifetime of the intestate: Oyster v.
Oyster, 1 S. & R. 422 ; Lentz v. Hertzog, 4 Wharton, 520 ;
Miner v. Atherton, 35 Pa. 528 ; Wagner's App., 38 Pa. 122 ;
Dutch's App., 57 Pa. 461.

A gift by will cannot be construed to be a "settlement"
within the meaning of the act of 1833 : Hitchcock v. Hitch-
cock, 35 Pa. 393 ; Hand v. Hand, 60 N. J. Eq. 518 (46 Atl.
Repr. 770) ; O'Hearn v. O'Hearn, 58 Lawyers' Rep. Ann. 105 ;
Edwards v. Freeman, 2 Peere Wms. 435 ; Twisden v. Twisden,
9 Ves. 425 ; Nettleton v. Nettleton, 17 Conn. 542 ; Snelgrove
v. Snelgrove, 4 Desaussure, 274.

The gift made to Henry Corbit Ogden was not intended as
a portion of his distributive share.

*W. M. Lansdale,* for appellee.—The provision in the will
worked a "settlement" in favor of H. Corbit Ogden : Onslow
v. Michell, 18 Ves. 490 ; Taylor v. Taylor, L. R. 20 Eq. 155 ;
Patterson's App., 128 Pa. 269.

OPINION BY MR. JUSTICE BROWN, March 20, 1905 :

On the distribution of the estate of Emma C. Ogden, the
appellant, a grandchild, was charged with moneys which had
been paid to her father, Henry Corbit Ogden, in pursuance of

the testamentary directions of his mother.    By her will, dated June 1, 1866, she made the following disposition of her estate: " I give and bequeath all my said estate and property to my executors hereinafter named in trust to keep the same securely invested to collect and receive the income, interest and profits thereof, and to pay the one equal third part thereof to my beloved husband, Charles S. Ogden, so, however, that neither the principal nor income thereof shall in any wise be liable for his debts, contracts and engagements, whether now existing or hereafter to be incurred, nor shall the same be capable of or liable to any assignment, alienation, pledge or mortgage thereof, or be in any wise anticipated by him but his receipt alone for the income thereof shall be a sufficient discharge to the trustee and in trust to pay and appropriate the other two equal third parts thereof for the maintenance and support of my children in equal proportions during their respective minorities, and upon their arrival at full age then to pay the same directly to and equally between them respectively during their respective lives, provided, however, that it shall and may be lawful for the said trustee (at any time so far as regards the shares given in trust for my husband, and as far as regards the share given in trust for my children at any time after their arrival at full age respectively) in his sole and absolute discretion, but not otherwise, whenever he may think it prudent and discreet so to do, to advance and pay over to either of the said cestui que trust any part of the shares of said principal fund so given in trust for them as a capital for business for the purchase of a farm or other real estate or as an outfit in life ; but of the expediency or propriety of making such advances and payments out of the principal the said trustee is to be the sole and absolute judge.    And upon the death of either of said cestui que trust his share of said principal fund shall be held by said trustee upon the same trusts and with the same powers as are above set forth for the benefit of the survivor or survivors of said cestui que trust with full power to said trustee in his discretion to keep the said trusts alive or to terminate the same as in his best judgment the interests of the said cestui que trust may require."

The testatrix died January 22, 1874, and was survived by her husband and two sons, Middleton and Henry Corbit.    The

latter died June 29, 1891, and, having received from the trustee named in his mother's will $4,194.43, his daughter was charged with the same as a settlement upon him by his mother within the meaning of the Act of April 8, 1833, P. L. 315, which provides: "If any child of an intestate shall have any estate by settlement of such intestate or shall have been advanced by him in his lifetime, either in real or personal estate to an amount or value equal to the share which shall be allotted to each of the other children of such intestate, such child shall have no share of the real or personal estate of such intestate, and if such settlement or advancement be to an amount or value less than the share to which he would otherwise be entitled, if no such advancement had been made, then so much only of the real and personal estate of such intestate shall be allotted to such child, as shall make the estate of all the children to be equal as near as can be estimated." The learned court below was of opinion "that the moneys received by Henry C. Ogden under the provisions of his mother's will are to be regarded as an 'estate by settlement of an intestate' in the distribution of that part of her estate of which she died intestate."

The testatrix died intestate as to such portion of her estate as remained in the hands of the trustee at the time of the death of her husband, who survived the two sons. In the language of the court below: "There was no disposition of the principal, except so far as it might be advanced by the trustee under his discretionary power, and her estate, as to any excess, passed under the intestate laws to her husband and children.

The meaning of the directions given by the testatrix to the trustee is unmistakable. It is that the trustee, in his sole and absolute discretion, was authorized to give a portion, or all, of one third of the principal to the father or either of the sons while the three lived. Upon the death of one, the authority was to give, in the exercise of such discretion, one half of the principal to either of the two surviving, and upon the death of one of them, there was authority to pay the survivor the whole of what remained. The testatrix was not contemplating equality by her will, which is the purpose of the act of 1833, under which the appellant was charged with what had been paid to her father.

When, in pursuance of the explicit directions to and the

clearly defined power of the trustee, he paid Henry Corbit Ogden moneys from his mother's estate, what was the latter receiving? It is admitted that the payments were not advancements, for, under the statute, they must be made in the lifetime of the intestate; but it is contended that they were settlements contemplated by the act. In answer to this the appellant replies that under the literal meaning of the language of the act of 1833, settlements with which a child can be charged must also be made by the intestate in his lifetime. Which of these positions is correct is not important, if what the son received from his mother's estate was a testamentary gift to him, for the act of 1833 applies only to intestacy. She did not name any specific sum that should be paid to him by the trustee, but in the latter's discretion he was authorized to pay the son the whole of one third of the estate during the lifetime of the father and the brother, Middleton; one half upon the death of Middleton, who died first, and to the father all that remained after the death of the two sons. When the trustee paid the son he paid what he had been directed by the will to pay, and he paid it as he would have paid a legacy of a certain sum, if the payment of the same had been contingent upon the exercise of a discretion given him by the will. What the son received must, therefore, be regarded as a gift to him by his mother under her will, and in effect it is the same as if there had been a specific sum named by the testatrix which she authorized the trustee to pay in his discretion. This being so, and she having died intestate as to that portion of her estate remaining in the hands of the trustee at the death of her husband, the appellant, claiming through her son, Henry Corbit, cannot be charged with the gift to him on the distribution of the estate as to which she died intestate. In addition to the gift to her father, she, as his child is entitled to a full distributive share of the estate of her grandmother distributed under the intestate laws.

In Hitchcock v. Hitchcock, 35 Pa. 393, the testator gave $2,000 to his granddaughter, saying: "I bequeath to my said granddaughter, Celinda Ann, only the said two thousand dollars and interest, not because of unkindness towards her, but because I know that she is the only child of my deceased son, and as such inherits all his estate, while my other grandchildren, who may be left orphans, may not be so well off." As to

the bulk of his estate he died intestate, and it was held that the granddaughter was, notwithstanding the bequest to her, entitled to participate equally with the other heirs in the distribution of it. The same rule was followed in Hancock's Appeal, 112 Pa. 532. By the English Statute of Distributions, 22 & 23 Car. 2, c. 10, it is provided that after the widow's portion has been deducted, the remainder of the estate shall be distributed " by equal portions to and amongst the children of such persons dying intestate, and such persons as legally represent such children in case any of the said children be then dead, other than such child or children .... who shall have any estate by the settlement of the intestate, or shall be advanced by the intestate in his lifetime by portion or portions equal to the share which shall by such distribution be allotted to the other children to whom such distribution is to be made." Of this, Lord ELDON said: " Nor am I aware, that any provision by will of either land or money has been within the statute considered a portion advanced in the life. It means, not a person making no will, but a person dying intestate as to the subject to be distributed by the statute. There is no instance of real estate, given to a younger child, or a particular part of the personal estate, given to any child, by the testator, and where executors have been held trustees of the residue, which therefore as undisposed of, was to go under the statute, where in the division of that residue this court ever brought into hotch-pot what the particular child took under the will of that person, dying partly testate, partly intestate: " Twisden v. Twisden, 9 Vesey, Jr. 413.

The decree of the court below is reversed and the record remitted, with directions to distribute the estate in accordance with this opinion, the costs on this appeal to be paid out of the estate.